IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY CHARLES, SR.,

    Plaintiff,                    No. CIV S-09-1051 LKK GGH P

    vs.

JAMES TILTON, et al.,            <u>ORDER</u> &

    Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Although plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the court will not grant the request to proceed in forma pauperis at this time as the court finds that this complaint should be summarily dismissed.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff seeks to implicate some eleven defendants for his repeated placement in administrative segregation (ad seg) without due process and without any disciplinary write-up amounting to more than a 26-month SHU (security housing unit) term based on false information and as retaliation for his legitimate jailhouse lawyer activities on behalf of others. Plaintiff asserts that while housed at Corcoran State Prison, he expressed his desire to distance himself from the BGF (Black Guerilla Family) prison gang of which he was then a member, and was successfully debriefed and validated as a gang dropout some seven years prior to the actions at issue herein, which occurred at High Desert State Prison (HDSP). The gravamen of his

complaint is that in violation of his constitutional rights, plaintiff a wheelchair-bound paraplegic, has been re-validated as a gang member despite being inactive with the gang and free of disciplinary violations for more than seven years. Complaint, pp. 10-12, 14, 18, 23-24, 31, 51.

On the face of it, by plaintiff's own filing, it does not appear that plaintiff has exhausted his administrative remedies. Plaintiff initially asserts that he has exhausted administrative remedies; however, plaintiff has, at another point in his complaint and with exhibits he has provided to his complaint, belied that assertion. Complaint, p. 1. Plaintiff references within his allegations having been interviewed by defendant Audette "for the appeal in re: this matter," on "2/13/09"; a fact that is confirmed in the February 13, 2009, first level appeal response to plaintiff's inmate appeal no. HDSP-S 09-00068, a grievance which does, indeed, raise the claims that underlie and comprise the substance of the allegations of this complaint. Complaint, pp. 21, 50-61. The second level appeal response of HDSP-S 09-00068 is dated March 16, 2009; plaintiff evidently was dissatisfied and appealed the response to the third level on March 26, 2009,[1] while the instant complaint bears a signature indicating its date of submission as March 27, 2009. The last page of the second level appeal response states that if plaintiff is dissatisfied with the second-level appeal decision, then he "may appeal to the Director's level," as per instructions. Id., at 61. Although this action shows a court file-stamped date of April 17, 2009, application of the mailbox rule[2] signifies that this case was filed on March 27, 2009, thus, one day after his third-level appeal was apparently initially submitted, obviously not permitting any time for a response for exhaustion of administrative remedies, plaintiff filed this action by the evidence of his own complaint and exhibits.

---

[1] Notwithstanding this date on the copy of what appears to be the actual inmate appeal form for grievance , plaintiff's mail log indicates that plaintiff addressed something to the chief of inmate appeals on 3/18/09, which even if that is the correct date of the filing of the third level appeal still demonstrates a failure to exhaust administratively prior to bringing this action by 3/27/09. See Complaint, p. 42.

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736 & n. 4, 121 S. Ct. at 1823 & n.4. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6, 121 S. Ct. at 1825.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). It is clear that under 42 U.S.C. § 1997e(a) that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, supra, 315 F.3d at 1120.

In the present case, plaintiff's complaint contains at least an implicit concession to nonexhaustion, and in any event, his own exhibits to his complaint demonstrate a failure of pre-suit administrative remedy exhaustion which belies any express contention that he had completed the administrative process. This case should be summarily dismissed without prejudice to the

filing of a new civil rights action after the grievance process has been completed.  Plaintiff is informed that a new action brought after exhaustion is complete should not bear the case number assigned to this action and should be accompanied by a properly completed application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is denied.

IT IS RECOMMENDED that this action be summarily dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
char1051.ofr